65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arnoldo LOPEZ-ANTILLON, Defendant-Appellant.
 No. 94-2177.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Lopez-Antillon, convicted after a sting operation of conspiracy to distribute cocaine and possession with intent to distribute cocaine, appeals the enhancement of his sentence pursuant to 3B1.1(c) of the Sentencing Guidelines. We review for clear error. See United States v. Torres, 53 F.3d 1129, 1142 (10th Cir.), cert. denied, 115 S.Ct. 2599 (1995). We affirm.
 
 
 3
 The record contains ample evidence to support our conclusion that the relevant finding by the district court was not clearly erroneous. Although Mr. Lopez-Antillon did not originate or negotiate the deal that led to his arrest, the arresting officer testified that Mr. Lopez-Antillon controlled the final stages of the transaction. He ordered the release of the cocaine and coordinated with the mule to ensure its timely delivery. He counted the money. He proposed an ongoing relationship in which his suppliers would sell not less than 50 kilograms of cocaine per transaction. This evidence more than suffices to establish that Mr. Lopez-Antillon " 'exercised some degree of control over others involved in the commission of the offense.' " United States v. Bernaugh, 969 F.2d 858, 862-63 (10th Cir.1992) (quoting United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991)).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470